[650 NYS2d 810]

In the Matter of SHANNON McCLAM, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 16, 1996

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By order of this Court dated July 25, 1996, the respondent was suspended from the practice of law, pursuant to 22 NYCRR 691.4 *(l)* (1) (i), without opposition, based upon a finding that she is guilty of professional misconduct immediately threaten-

ing the public interest, in that she has failed to submit to the Grievance Committee a written answer to a pending complaint of professional misconduct and has failed to comply with other lawful demands of the Grievance Committee in connection with its investigation. By that same order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent and the respondent was directed to answer the petition annexed to the Grievance Committee's order to show cause, within 10 days. The matter was referred to a Special Referee to hear and report, with a hearing to be conducted within 30 days. Pursuant to an order of this Court authorizing substituted service, the Grievance Committee caused copies of the order dated July 25, 1996 and the amended order dated July 30, 1996 to be mailed and to be affixed to the door of her premises at 133-10 160th Street, Jamaica, on September 4, 1996.

The Grievance Committee now moves to impose discipline upon the respondent based upon her default and has served the respondent with the notice of motion and accompanying affirmation via substituted service. The respondent has failed to respond to the motion to impose discipline upon her default.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default and her name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., ROSENBLATT, MILLER, O'BRIEN and JOY, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon her failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Shannon McClam, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Shannon McClam is commanded to continue to

desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law.